UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DOMINIC TAMBURINO,

        Plaintiff,                        Case No. 1:11-cv-1164

v.                                         Honorable Gordon J. Quist

INGHAM COUNTY JAIL et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed as frivolous or for failure to state a claim.

### Factual Allegations

Plaintiff is incarcerated in the Ingham County Jail. In his *pro se* second amended complaint (docket #14), he sues the Ingham County Jail, Ingham County Probation Department, Ingham County Prosecutor's Office, Ingham County Court Clerk, Ingham County Jail employee

Tracy Mansfield, Ingham County Sheriff Gene Wrigglesworth and court-appointed attorney Thomas Lang.

Plaintiff alleges that he violated Michigan law on September 8, 2004, and subsequently pleaded guilty to the offense in the Ingham County Circuit Court on February 15, 2005. The trial court sentenced Plaintiff to one year in the county jail with credit for ten months time served, followed by three years of probation. Plaintiff alleges that he was released from jail on September 19, 2005, which allegedly was beyond his one-year maximum sentence. Plaintiff contends that Defendant Lang, his court-appointed attorney, failed to return phone calls from Plaintiff's ex-wife in July and September, 2005, concerning the length of Plaintiff's sentence. Plaintiff alleges that he went to the Ingham County Circuit Court on October 1, 2005, and was denied transcripts of the proceedings in his 2004 criminal case by Judge Giddings' secretary. Ingham County Court Clerk also denied Plaintiff's request for a set of transcripts.

Plaintiff appears to allege that he violated his probation on June 7, 2006 and was returned to jail. Plaintiff alleges that while he was in jail on the probation violation charge, the probation department erroneously issued another probation violation for failing to report. He also claims that "[t]he plea agreement had been completed by plaintiff, therefor [sic] probation wasn't required." (2d Am. Compl., docket #14, Page ID#113.)

Plaintiff further claims that the Ingham County Jail has failed to provide him with access to the law library, legal copies, stamped envelopes, lined paper and assistance with legal matters. The exhibits to Plaintiff's complaint include requests for access to the law library and legal materials from February 2012 that were denied. Plaintiff further alleges (verbatim):

> The Ingham County Jail has denied the inmates with a fair grievance process / usable food trays w/o stains / usable cups because the current ones could injure (cut a person) / recreations / storage for in-cell personals / proper daily nutrition intake /

> humane treatment by most of the guards / employment opportunities to pay for medical expenses and indigent items.

(2d Am. Compl., Page ID#114.) With regard to Defendant Mansfield, Plaintiff alleges, "Tracy Mansfield initialed the kite that I sent to the jail administration addressing the issue if I was MDOC or not, she stated 'no.'" (2d Am. Compl., Page ID#114.)

Plaintiff seeks various forms of injunctive relief, including "to be discharged of this offense, dating back to 9-12-05." (2d Amend. Compl., Page ID#115.) He also seeks monetary damages from Defendants.

## Discussion

### I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not

'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

    I.    **Claims arising from criminal conviction and probation**

To the extent Plaintiff seeks to have his criminal conviction discharged, a challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing

standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, and (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

Moreover, Plaintiff's claims against Defendants Ingham County Probation Department, Ingham County Prosecutor's Office, Ingham County Court Clerk and Thomas Lang are barred by the statute of limitations. State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[1]

Plaintiff asserts claims against Defendants Ingham County Probation Department, Ingham County Prosecutor's Office, Ingham County Court Clerk and Thomas Lang arising in 2005 and 2006. Plaintiff had reason to know of the "harms" done to him at the time they occurred. Hence, his claims accrued no later than 2006. However, he did not file his complaint until 2011, well past Michigan's three-year limit. Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* MICH. COMP. LAWS § 600.5851(9).

---

[1] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed as frivolous if it is time-barred by the appropriate statute of limitations. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *See Dellis*, 257 F.3d at 511; *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002). Accordingly, Plaintiff's claim against Ingham County Probation Department, Ingham County Prosecutor's Office, Ingham County Court Clerk and Thomas Lang[2] must be dismissed.

II. **Claims concerning conditions of confinement at the Ingham County Jail**

Plaintiff brings claims against the Ingham County Jail regarding the conditions of his confinement. Plaintiff asserts that the Ingham County Jail failed to provide him with access to the law library, legal copies, stamped envelopes, lined paper and other legal assistance. He further alleges (verbatim):

> The Ingham County Jail has denied the inmates with a fair grievance process / usable food trays w/o stains / usable cups because the current ones could injure (cut a

---

[2] Even if Plaintiff's claim against Defendant Lang was not time-barred, Plaintiff could not show that Lang acted under color of state law. *See Polk County v. Dodson*, 454 U.S. 312 (1981); *see also Carswell v. Hughes*, No. 99-1795, 2000 WL 658043, at *1 (6th Cir. May 9, 2000); *Blake v. Kane*, No. 98-4386, 2000 WL 302980, at *1 (6th Cir. Mar. 14, 2000). Because Lang did not act under color of state law, no claim under § 1983 can be maintained against him.

> person) / recreations / storage for in-cell personals / proper daily nutrition intake / humane treatment by most of the guards / employment opportunities to pay for medical expenses and indigent items.

(2d Am. Compl., Page ID#114.)[3]

Ingham County is a municipal entity, so to establish municipal liability under § 1983, an inmate must show that his injuries were caused by a county policy or custom. *See Los Angeles County v. Humphries*, 131 S. Ct. 447, 453-54 (2010); *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne County*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-509. It is the court's task to identify the officials or governmental bodies which speak with final policymaking authority for the local government in a particular area or on a particular issue. *McMillian v. Monroe County*, 520 U.S. 781, 784-85 (1997).

In matters pertaining to the conditions of the jail and to the operation of the deputies, the sheriff is the policymaker for the county. MICH. COMP. LAWS § 51.75 (sheriff has the "charge and custody" of the jails in his county); MICH. COMP. LAWS § 51.281 (sheriff prescribes rules and regulations for conduct of prisoners); MICH. COMP. LAWS § 51.70 (sheriff may appoint deputies and revoke appointments at any time); *Kroes v. Smith*, 540 F. Supp. 1295, 1298 (E.D. Mich. 1982) (the

---

[3] Plaintiff lacks standing to assert the constitutional rights of other inmates at the Ingham County Jail. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6, 1992). As a layman, Plaintiff may only represent himself with respect to his individual claims, and may not act on behalf of other prisoners. *See O'Malley v. Brierley*, 477 F.2d 785 (3d Cir. 1973); *Lutz v. LaVelle*, 809 F. Supp. 323, 325 (M.D. Pa. 1991); *Snead v. Kirkland*, 462 F.Supp. 914, 918 (E.D. Pa. 1978).

sheriff of "a given county is the only official with direct control over the duties, responsibilities, and methods of operation of deputy sheriffs" and thus, the sheriff "establishes the policies and customs described in *Monell*"). Thus, the court looks to the allegations in plaintiff's complaint to determine whether plaintiff has alleged that the sheriff has established a policy or custom which caused plaintiff to be deprived of a constitutional right.

Plaintiff's action fails at this first step because his allegations have not identified a policy or custom. A "policy" includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff. *Monell*, 436 U.S. at 690. The Sixth Circuit has explained that a "custom"

> . . . for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law. In turn, the notion of "law" includes deeply embedded traditional ways of carrying out state policy. It must reflect a course of action deliberately chosen from among various alternatives. In short, a "custom" is a "legal institution" not memorialized by written law.

*Doe*, 103 F.3d at 507 (citations and quotations omitted). Plaintiff has failed to allege that Sheriff Wrigglesworth, as final policymaker for conditions of the jail and operations of the deputies, had a policy or custom that caused Plaintiff to be deprived of a constitutional right. Where a plaintiff fails to allege that a policy or custom existed, dismissal of the action for failure to state a claim is appropriate. *Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. 1993) (affirming dismissal of § 1983 action when plaintiff's allegation of policy or custom was conclusory, and plaintiff failed to allege facts tending to support the allegation).

Even if the Court construed Plaintiff's complaint as asserting a policy or custom, his action fails to state a claim. With regard to Plaintiff's claim that the jail failed to provide him with

access to the law library and legal materials, it is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Plaintiff does make any allegations whatsoever that the alleged deprivations resulted in actual injury to pending or contemplated litigation. Accordingly, Plaintiff fails to state a First Amendment claim.

Plaintiff's remaining conditions of confinement claims are contained in a brief list of vague assertions and do not include any supporting facts. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 129 S. Ct. at 1949-50; *Twombly*, 550 U.S. at 555. Moreover, other than his claim against Defendant Mansfield, Plaintiff does not make factual allegations against any specific individuals employed at the jail. With regard to Defendant Mansfield, Plaintiff alleges, "Tracy Mansfield initialed the kite that I sent to the jail administration addressing the issue if I was MDOC or not, she

stated 'no.'" (2d Am. Compl.,Page ID#114.) Plaintiff's vague allegation again Defendant Mansfield fails to implicate any federally protected right. Accordingly, Defendants Ingham County Jail, Wrigglesworth and Mansfield will be dismissed for failure to state a claim.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as frivolous or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: March 30, 2012                /s/ Gordon J. Quist
                                      GORDON J. QUIST
                                      UNITED STATES DISTRICT JUDGE